19-4337-cr
*United States v. Connerton*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-one.

PRESENT:    AMALYA L. KEARSE,
                JOSÉ A. CABRANES,
                JOSEPH F. BIANCO,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

            *Appellee*,                    19-4337-cr

            v.

JEAN S. ERICKSON,

            *Defendant*,

THOMAS J. CONNERTON,

            *Defendant-Appellant.*

---

1

**FOR DEFENDANT-APPELLANT:**     ARZA FELDMAN, Feldman and Feldman, Manhasset, NY.

**FOR APPELLEE:**     LAUREN C. CLARK, Assistant United States Attorney (Michael S. McGarry and Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* Leonard C. Boyle, Acting United States Attorney, District of Connecticut, CT.

Appeal from a judgment entered January 21, 2020[1] by the United States District Court for the District of Connecticut (Stefan R. Underhill, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Thomas J. Connerton appeals a judgment convicting him of wire fraud, mail fraud, securities fraud, money laundering, and tax evasion, challenging, *inter alia*, the District Court's decision to excuse an absent juror under Federal Rule of Criminal Procedure 23(b)(3), who reported feeling dizzy and not well, and to take a verdict from an eleven-member jury. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as is necessary to explain our decision.

Rule 23(b)(3) provides that, "[a]fter the jury has retired to deliberate, the court may permit a jury of 11 persons to return a verdict . . . if the court finds good cause to excuse a juror."[2] "We have recognized that Rule 23 accords 'wide latitude' to district courts making trial management decisions[.]"[3] And we have explained that "[a]s long as the record establishes that the district court had 'sufficient information to make an informed decision,' we will review the dismissal of a juror under Rule 23(b) only for 'abuse of discretion[.]'"[4]

---

[1] Connerton's sentence was imposed on December 19, 2019.

[2] Fed. R. Crim. P. 23(b)(3).

[3] *United States v. Simmons*, 560 F.3d 98, 109 (2d Cir. 2009) (internal citation omitted); *see, e.g.*, *United States v. Walker*, 974 F.3d 193, 209 (2d Cir. 2020) (concluding that the district court did not abuse its discretion "when—rather than declaring a mistrial—it decided to dismiss a juror who advised the court that she had a nightmare after the close of the . . . trial" but before the verdict was reached).

[4] *United States v. Paulino*, 445 F.3d 211, 225 (2d Cir. 2006) (internal citations omitted); *see also United States v. Spruill*, 808 F.3d 585, 592–93 (2d Cir. 2015).

On appeal, Connerton argues that the District Court abused its discretion when it excused Juror No. 11 "without conducting any inquiry[.]"[5] We do not agree. We have found good cause for excusing a juror after deliberations commenced where the district court concluded that the juror was unable to deliberate for at least one day and "also found that waiting an additional day before continuing deliberations risked the absence of another juror, who had alerted the court that extended jury service would cause financial hardship, and who would miss additional work days if deliberations were delayed."[6]

Here, the District Court had sufficient information to conclude that Juror No. 11's health issues would prevent her from participating in deliberations for at least one day, even if her anticipated length of unavailability was unknown.[7] After Juror No. 11 did not appear for service for the second scheduled day of deliberations, the District Court made contact with her, reporting to the parties that "she woke up late, is not feeling well, is dizzy."[8] In response to defense counsel's question as to whether Juror No. 11's malady was temporary, the District Court stated, "[w]e don't know[,]" but went on to state "[s]he can't deliberate today if she's dizzy."[9] After hearing from both parties, the District Court determined that waiting even one additional day before continuing deliberations risked the absence of more jurors, which in turn risked a mistrial because there were no more alternate jurors.[10] Thus, the District Court excused Juror No. 11.

In light of its repeatedly expressed concern about the length of the proceedings, the lack of any alternate jurors, and the consequent risk of a mistrial, we cannot say that the District Court abused its discretion in concluding the at-least-one-day absence of Juror No. 11 supported her dismissal. In these circumstances, therefore, the District Court's decision to remove Juror No. 11 satisfied the "good cause" standard of Rule 23(b)(3).

---

[5] Connerton Br. 50.

[6] *Simmons*, 560 F.3d at 109–10.

[7] *See id.* at 110 (explaining that "[m]aking an inquiry into a juror's anticipated length of unavailability, while certainly a better practice than foregoing such inquiry, is not necessarily required."); *Paulino*, 445 F.3d at 226 ("[T]he law establishes no bright-line test for determining the length of juror unavailability that constitutes good cause for excusal."); *see also United States v. Reese*, 33 F.3d 166, 173 (2d Cir. 1994) ("Whether and to what extent a juror should be questioned regarding the circumstances of a need to be excused is . . . within the trial judge's sound discretion.").

[8] Gov't App'x 629. Although Connerton states on appeal "the Court had not spoken with the [missing] juror," Connerton Br. 52, he appears to later concede that the District Court at least "place[d] several telephone calls," *id.* at 55.

[9] Gov't App'x 630.

[10] The District Court explained, "in light of the fact that the juror obviously cannot deliberate today, we are uncertain whether she can deliberate tomorrow, and we have a significant—in my view significant risk that if we wait until tomorrow, that we will lose one of the other jurors, I've decided to excuse the absent juror, under Rule 23(b)(3) for good cause[.]" *Id.* at 631.

## CONCLUSION

We have reviewed the other arguments raised by Connerton on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk